# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZHANNA MOSKALENKO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EXPRESS STORES, LLC | : | NO. 14-3684 |

## FINDINGS OF FACT
## AND
## CONCLUSIONS OF LAW

**AND NOW**, this 29th day of July, 2015, upon consideration of the Joint Motion for Final Approval of Class Settlement and Certification of the Settlement Class (Document No. 42) and after hearings on January 23, 2015 and July 28, 2015, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On January 23, 2015, the settlement was preliminarily approved.

2. The Joint Settlement Agreement and Release ("Settlement Agreement") (Document No. 38, Exhibit A) resolves claims against Express Stores, LLC ("Express") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") and the Pennsylvania Minimum Wage Act, 43 P.S. § 330.101, *et seq.* ("PMWA") for failure to pay proper overtime compensation.

3. The Settlement Class as defined in the Order of January 23, 2015, includes all sales associates, assistant store managers, and store managers who: (a) were employed by Express at one of its T-Mobile retail stores at any time during the time period of January 1, 2012 to January 1, 2015; and (b) have timely submitted a Claim Form, which includes a Consent to Join Lawsuit, in accordance with the Class Notice approved by the

Court.

4. Plaintiff Zhanna Moskalenko is the approved Class Representative.

5. Casey Green, Esquire of Sidkoff, Pincus & Green has acted as Class Counsel.

6. Class Counsel mailed Class Notice to 846 current and former Express sales associates, assistant store managers and store managers, and coordinated with counsel for Express "to find the correct addresses and re-mail Class Notices as needed." Jt. Mot. for Final Approval at 3.

7. Notice of the proposed settlement was sent by Class Counsel to 846 potential Class Members in compliance with the January 23, 2015 Order.

8. Notice was sent to potential Class Members of the July 28, 2015 hearing to determine: (a) whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b); (b) whether the settlement of this action on the terms and conditions set forth in the Settlement Agreement should be finally approved as fair, reasonable and adequate; (c) whether final approval of the Settlement Agreement and Collective Action should be granted; (d) the amount of attorneys' fees and expenses to be awarded to Class Counsel; and (e) whether a final order and judgment should be entered dismissing the claims of the Settlement Class with prejudice.

9. Of the 846 potential Class Members, 145 individuals opted into the Class by timely submitting Claim Forms consenting to join the lawsuit.

10. Extensive investigation, drafting of pleadings, discovery, briefing on a motion to conditionally certify a FLSA Collective Action, and extensive settlement negotiations have taken place at substantial expense to the parties.

11. If this settlement is not approved, there will be expensive and multiple future litigation.

12. On July 28, 2015, pursuant to Fed. R. Civ. P. 23(e), a final approval hearing was held.

13. No one appeared at the July 28, 2015 hearing in opposition to the settlement.

**The Settlement**

14. The settlement terms were reached after Class Counsel: (a) conducted a substantial investigation of the plaintiff's claims prior to instituting this action, which included holding meetings and discussions with the plaintiff, examining payroll records, researching other FLSA and PMWA actions in the industry, exploring potential damages related to the putative Class, and performing extensive legal research on complex FLSA issues, such as exemptions that Express claimed; (b) filed a complaint alleging that Express misclassified the plaintiff and others similarly situated as exempt employees during their employment as store managers, and failed to include commissions in calculating overtime for sales associates and assistant store managers; (c) engaged in discovery, which included filing discovery motions, reviewing thousands of pages of paystubs and time records for hundreds of putative Class Members, performing extensive mathematical calculations related to overtime payments such as analyzing the applicable workweeks, the rates of pay, the commissions earned, and the exemptions asserted by Express; (d) filed a motion to conditionally certify a FLSA Collective Action, which included assembling documentation for 544 putative Class Members demonstrating one-month representative periods of each having not been paid proper overtime; and (e) engaged in extensive settlement negotiations.

15. Class counsel's actions resulted in an understanding of the strengths and weaknesses of the Class claims and the defendant's potential defenses, enabling counsel to make an informed decision that the proposed settlement is fair, adequate and reasonable, and in the best interests of the Settlement Class.

16. Settlement negotiations took place at arm's length.

17. The Settlement Agreement was the product of careful and informed analysis by the parties, taking into consideration the respective strengths and weaknesses of the parties.

18. The parties have been and are represented by counsel experienced in class actions, complex commercial matters and consumer litigation in the federal courts.

19. The defendant has challenged the claims on legal grounds that raise a potential finding of no liability.

20. The parties genuinely believe there are inherent risks in proceeding to trial.

21. Settlement at this stage of the litigation will avoid delay in realizing a benefit for the affected Class Members, will avoid unnecessary litigation costs and will eliminate uncertainty.

22. No objection to the proposed settlement or to the award of attorneys' fees and expenses has been made.

23. The absence of objections to the settlement demonstrates support for the approval of this settlement as fair and reasonable.

24. The settlement provides significant relief to a large group of people with modest individual claims who could not practically seek redress on an individual basis.

25. The Settlement Agreement provides that each class member who was

employed by Express as a sales associate, store manager or assistant store manager for more than one week is eligible to receive a payment based on the length of time of his or her employment, in accordance with the following payment schedule:

| Length of Service | Amount |
| --- | --- |
| Less than 1 week | $     0.00 |
| 1 week- 6 months | $ 187.00 |
| 7 months - 12 months | $ 500.00 |
| 13 months - 18 months | $1,125.00 |
| 19 months - 24 months | $1,500.00 |
| 25 months - 30 months | $1,875.00 |
| 31 months - 36 months | $2,500.00 |

*See* Settlement Agreement, ¶ 2.3.

26. Of the 846 potential Class Members, the potential total class recovery was $564,625.00. Based on this payment schedule, the 145 Class Members who opted in to the settlement will be paid a total of $111,226.00. *See* Jt. Mot. for Final Approval (Document No. 42) at 4, 15-16.

27. The Settlement Agreement requires Express to pay Class Counsel $120,000.00 in attorneys' fees, which is less than 22% of the potential recovery by the Class.

28. The Settlement Agreement also requires Express to pay $2,200.00 to cover the cost of mailing notice of the proposed Class Action to putative class members. *See* Settlement Agreement, ¶ 2.2.

29. The Settlement Agreement also states that all class members who timely opt into the Settlement Class will release all wage claims under the FLSA, the PMWA, and any

applicable state wage and hour statute, regulation or rule. Settlement Agreement, ¶ 3.1.

30. The Settlement Agreement does not grant preferential treatment to the Class Representative or segments of the Class.

**Class Counsel's Request for Award of Attorneys' Fees
and Expenses and for Class Representative Incentive Service Awards**

31. Class Counsel undertook prosecution of this matter on a contingent basis and incurred expenses in its prosecution.

32. Class Counsel has applied for one award of attorneys' fees and expenses in the amount of $120,000.00, which is less than 22% of the potential recovery by the Class and is less than Class Counsel's actual litigation costs and attorneys' fees.

33. Class Counsel's intention to apply for an attorneys' fees and expenses award in the amount of $120,000.00 was provided to all Class Members in the Notice of the proposed settlement.

34. There have been no objections to the requested award of attorneys' fees and expenses.

35. The Class Representative approves of Class Counsel's request for attorneys' fees and expenses.

36. The defendant does not oppose Class Counsel's request for attorneys' fees and expenses.

37. Extensive investigation, drafting of pleadings, substantial discovery, litigation of a motion to conditionally certify a FLSA Collective Action, and extensive settlement negotiations have taken place at substantial expense to Class Counsel.

38. Using the lodestar method as a cross-check on the reasonableness of the requested fees, Class Counsel's requested fee is below the lodestar.

39. The attorneys' fees requested and the expenses incurred are reasonable and were necessary.

40. Class Counsel has applied for incentive payments to three former Express employees, David Luna ("Luna"), Dana Curran ("Curran"), and Charvez Grant ("Grant"), (collectively, "Service Award Plaintiffs"), in recognition of the services they rendered on behalf of the Class. Specifically, Class Counsel requests a Service Award of $10,000.00 to Luna, $3500.00 to Curran, and $3500.00 to Grant, for a total of $17,000.00 in incentive payments. The Service Award Plaintiffs will not be receiving any share of the payments to the Class Members.

41. Class Counsel's intention to apply for incentive payments to these three Service Award Plaintiffs was provided to all Class Members in the notice of the proposed settlement.

42. There have been no objections to the requested incentive awards.

43. The incentive awards requested are reasonable.

## CONCLUSIONS OF LAW

### Final Approval of the Settlement

1. The settlement of a class action requires Court approval after notice to all members of the class. *See* Fed. R. Civ. P. 23(e).

2. The settlement comports with Rules 23(a) and 23(b)(3) in all respects.

3. The nine factors to be considered in assessing the fairness of a class action

settlement are: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 319-20 (3d Cir. 2011) (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)); *see also In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 258 (3d Cir. 2009).

4. In light of these factors, the settlement is fair, reasonable and adequate.

**Approval of Class Counsel's Request for an Award of Attorneys' Fees and Expenses**

5. An award for attorneys' fees and expenses in the settlement of a class action requires court approval after notice to all class members in a reasonable manner. *See* Fed. R. Civ. P. 23(h).

6. Notice of Class Counsel's intention to apply for an award of attorneys' fees and expenses has been provided to all Class Members in a reasonable manner and satisfies the requirements of Federal Rule of Civil Procedure 23(h)(1).

7. Attorneys who create a settlement fund of benefits for class members by virtue of their efforts are entitled to be compensated for their services from that fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

8. In evaluating a counsel fee request, the following factors are considered:

(1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Class Counsel; and (7) awards in similar cases. *See In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 194-95 (3d Cir. 2000)).

9. Of the two methods to analyze fee requests in class actions - the lodestar method and the percentage of recovery method - the percentage of recovery method "is generally favored in common fund cases such as wage and hour cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d at 280 (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005)). The lodestar method can be used as a cross-check to verify that the fee award is not excessive. *See Sullivan*, 667 F.3d at 330 (citing *In re AT & T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006)).

10. Applying both the percentage of recovery and lodestar methods, and in consideration of the seven factors set forth in *Gunter*, Class Counsel's requests for an attorneys' fees award and out-of-pocket expenses award are fair and reasonable.

        /s/ Timothy J. Savage
        TIMOTHY J. SAVAGE, J.